LEMMON, Justice,
concurring in the denial of the application.
In this action in a succession proceeding to adjudicate the loss of a child’s rights in succession property on account of disinheritance under the decedent’s will, the court of appeal erroneously discussed personal jurisdiction when only jurisdiction in rem was involved.
A Louisiana court can exercise jurisdiction in rem to adjudicate the rights of a nonresident to property, movable or immovable, when the property is situated in the state.[1] La.Code Civ.Pro. art. 9; R. Casad, Jurisdiction in Civil Actions II 1.01(3) (1983). Therefore, the Long-arm Statute, which pertains only to personal jurisdiction, is inapplicable, and service of process under the Long-arm Statute was ineffective. For this reason I agree with the intermediate court’s remanding the case to the district court for appointment of an attorney under La.Code Civ.Pro. art. 5091 and for service of process on the appointed attorney.

. However, if the nonresident's claim to succession property involves property situated outside Louisiana, then jurisdiction in personam may be involved.